UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNEMID RI LLC,
   *Plaintiff*,

v.

AMITRICE GRIFFIN,
   *Defendant*.

No. 3:22-cv-00108 (JAM)

## ORDER GRANTING MOTION TO REMAND ACTION TO STATE COURT

Facing a state court eviction action, defendant Amitrice Griffin removed this action from state court to federal court. Because there is no proper basis for removal, I will grant the motion to remand.

### BACKGROUND

Since April 2021, Griffin has lived in a Marriott hotel room in Stamford, Connecticut. The hotel is owned and operated by plaintiff Annemid RI LLC ("the hotel").[1] Griffin's stay at the hotel was financially supported by the United Way.[2] At some point before November 2021, the United Way decided to relocate Griffin to more permanent housing, and the hotel informed Griffin of its intention to retake possession of her hotel room.[3]

But Griffin has refused to leave.[4] And so the hotel filed a summary process eviction action against Griffin in December 2021 in the housing division of the Connecticut Superior

---

[1] See NWH-CV22-6006815-S, #100.31 at 1 (¶ 1) (Conn. Super. 2021). Although Griffin's pleadings in this federal action purport to identify additional parties other than Griffin and Annemid RI, LLC, because this case is before me on the grounds of its removal, it is captioned here to match the only two parties identified as such in the state court action. The Clerk of Court shall amend the caption in this case to conform with the caption of this ruling. I note as well that the defendant has signed her pleadings in this action using the name "Arnitrice Griffin."
[2] *Ibid.*, #100.31 (¶ 4).
[3] *Id.*, #100.31 at 1–2 (¶¶ 5, 7).
[4] *Id.*, #100.31 at 2 (¶ 8).

1

Court.[5] Griffin filed an answer to the state court complaint, asserting several special defenses pursuant to federal and state law.[6]

Then, on January 20, 2022, Griffin filed a notice of removal of the state court eviction action to this Court.[7] According to Griffin, the Court has federal jurisdiction because "[t]his civil action is founded on numerous claims and rights arising under the laws of the United States[.]"[8] Specifically, Griffin claims that her "Special Defenses involve[] federal questions" related to "housing discrimination based on [her] government method of payment, domestic violence status, ethnicity, gender, religion, etc."[9] Griffin also claims removal jurisdiction "pursuant to 28 U.S.C. § 1442(a) because this Civil Action involves housing discrimination based on the Defendant's government method of payment, which is disbursed … via federal programs."[10]

On July 1, 2022, the hotel filed a motion to remand this action.[11] Griffin has filed an objection.[12]

## DISCUSSION

Federal law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for federal jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332.[13]

---

[5] *See generally id.*, ##100.30, 31.
[6] *Id.* #101.00 at 1.
[7] *See* Doc. #1. In addition to her notice of removal, Griffin has filed several exhibits pertaining to her state court eviction proceeding, including an affidavit, a state court document, and various state court filings. *See id.* at 23–83; *see also* Doc. #9.
[8] *Id.* at 4.
[9] *Ibid.*
[10] *Id.* at 5.
[11] Doc. #10.
[12] Doc. #11.
[13] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text

For removal cases, the Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, the focus is on what claims the plaintiff alleges in the complaint, and the fact that a defendant may raise federal law defenses or counterclaims does not allow the defendant to remove the case to a federal court. *See*, *e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

The summary process complaint that Griffin has attached to her notice of removal alleges solely a state law claim for possession of the hotel room premises.[14] Griffin's assertion of federal law defenses does not allow her to remove the case to federal court. *See Bank of Am., N.A. v. Derisme*, 2019 WL 156936 (D. Conn. 2019) (remanding state court foreclosure action notwithstanding federal law defenses); *Bank of New York v. Stacey*, 2017 WL 384025 (D. Conn. 2017) (remanding state court eviction action notwithstanding federal law defenses).

Griffin invokes the "artful pleading doctrine," which is a "corollary to the well-pleaded complaint rule, [and] prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of which is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint." *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014). But Griffin does nothing to explain how a routine state court eviction action inherently or necessarily presents any question of federal law.

Nor does diversity jurisdiction allow for removal. Under what is known as the "forum defendant rule," a defendant may not rely on diversity jurisdiction to remove an action if the

---

quoted from court decisions.
[14] Doc. #1 at 30-32.

defendant (or any other defendant) is a citizen of the State in which the action has been brought. *See* 28 U.S.C. § 1441(b)(2); *Wilmington Sav. Fund Soc'y, FSB v. Savvidis*, 2021 WL 106276, at *1 (D. Conn. 2021). A person is a citizen of the State where they are domiciled—that is, the State where they have chosen to reside as their true fixed home and with an intention to return when absent. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

Here, Griffin lists her address of record as her Connecticut hotel room, and the very fact that she is defending against this eviction action plainly demonstrates her intention to remain living there. Thus, because Griffin is the defendant in this action and because she is a citizen of Connecticut, the forum defendant rule precludes her from relying on diversity jurisdiction as the basis for removal.

Lastly, Griffin argues that removal is permissible under 28 U.S.C. § 1442(a), because this case allegedly "involves housing discrimination based on the Defendant's government method of payment, which is disbursed monthly from Connecticut Dept. of Housing funds via federal programs under United States Dept. of Housing and Urban Development (HUD)."[15] But Griffin does not explain how this action meets any of the various avenues for removal under § 1442(a).[16] For example, she does not allege that she is a federal officer or acting under federal authority.

---

[15] Doc. #1 at 5.

[16] The statute—28 U.S.C. § 1442(a) provides in full:
(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

Nothing in the plain language of § 1442(a) suggests that it extends—as Griffin suggests—to any claim of discrimination involving a federally funded housing program.

To be sure, § 1442 allows removal by "[a] property holder whose title is derived from any such [federal] officer, where such action or prosecution affects the validity of any law of the United States." 28 U.S.C. § 1442(a)(2); *see also Vermont v. MPHJ Tech. Invs.*, LLC, 803 F.3d 635, 647 (Fed. Cir. 2015) (explaining requirements for removal under § 1442(a)(2)). But even if Griffin is deemed to be a "property holder" within the meaning of this provision, Griffin does not allege that she has "title" to such property, much less that her title to such property has been "derived" from any "such [federal] officer."

Nor does Griffin allege that this action "affects the validity of any law of the United States." For an action to "affect[] the validity of any law of the United States," it is not enough that the action merely implicate or involve a federal law; instead, the action must call into question the validity of a federal law. *See Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 608 (2d Cir. 2014). Here, Griffin seeks the protections of federal law rather than suggesting that any federal laws are invalid.

In short, there is no proper basis for removal. Although Griffin argues that the hotel waited too long to file its motion to remand, the Court has an independent duty at all times to ensure that it has subject matter jurisdiction regardless whether any party raises the issue. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 187 (2d Cir. 2022). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Does all this mean that a defendant who believes her federal rights are being violated in connection with an ongoing state court proceeding has no recourse at all to a federal court to
5

vindicate her rights? Not necessarily so. A defendant may file a *separate* federal court action rather than *removing* the state court action itself to federal court. Of course, such a separate federal action may well be subject to dismissal on other grounds. *See, e.g., Cavanaugh v. Geballe,* 28 F. 4th 428 (2d Cir. 2022) (discussing doctrine of "*Younger* abstention" which requires a federal court to refrain from interfering with certain types of state court proceedings). But such a separate federal action does not stop a state court proceeding in its tracks as does the filing of a notice of removal.

My ruling today likely comes as no surprise to Griffin. I have previously explained to her most of the governing principles as discussed above when I rejected her prior effort to remove yet a different state court eviction action to federal court. *See Griffin v. Morton*, 2019 WL 4667762 (D. Conn. 2019). Although Griffin is entitled to substantial leeway as a *pro se* party, I am concerned that Griffin knew she had no proper grounds to remove this latest eviction action to federal court and that she chose to remove it solely to procure a delay of the proceedings.

A court may award attorney's fees and other costs against a defendant who improperly removes an action without an objectively reasonable basis to do so. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). I will allow the hotel an opportunity to seek an award of fees and costs against Griffin if it wishes to do so. The hotel may file a motion with supporting documentation within 14 days, and Griffin shall have 14 days to file any objection or other response to such motion.

## CONCLUSION

Because the Court plainly lacks federal jurisdiction over this case, the Court GRANTS the motion to remand (Doc. #10) and REMANDS this action back to the Connecticut Superior

Court (Housing Division), Judicial District of Stamford/Norwalk. Notwithstanding the ordinary 10-day waiting period under D. Conn. L. Civ. R. 83.7, the Clerk of Court shall forthwith remand this action. The state court action has been delayed for far too long already.

The Court GRANTS Griffin's motion for leave to proceed *in forma pauperis* (Doc. #2) and otherwise DENIES as moot the remaining pending motions (Docs. #3 and #5).

The Clerk of Court shall amend the case caption as directed above and close this case. This case is subject to re-opening only for the limited purpose of addressing any motion that the hotel may choose to file for attorney's fees and costs as set forth in this ruling.

It is so ordered.

Dated at New Haven this 28th day of July 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge